**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. ______________**

BERTRAM KING,

Plaintiff,

vs.

TOTAL CAR SHIPPING & FREIGHT, L.L.C.
and JASON FOLTZ,

Defendants.
_____________________________________________/

# C O M P L A I N T

COMES NOW, the Plaintiff, BERTRAM KING (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues TOTAL CAR SHIPPING & FREIGHT, L.L.C. and JASON FOLTZ (hereinafter collectively referred to as "Defendants"), and alleges:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and/or do business within this District. In addition, a substantial part of

the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

PARTIES

4. Plaintiff, BERTRAM KING, is a resident of the State of Florida and was an employee of the Defendants in this District and division during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff, BERTRAM KING, worked for the Defendants performing, but not limited to, sales and scheduling duties for the Defendants from their office in Fort Lauderdale, Florida.

6. At all times material herein, Plaintiff was an "employee" of the Defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1).

7. Defendant, TOTAL CAR SHIPPING & FREIGHT, L.L.C., is a Florida for-profit Limited Liability Company duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to, providing vehicle and freight hauling and transport services.

8. Based on information and belief, TOTAL CAR SHIPPING & FREIGHT, L.L.C. has offices located in Fort Lauderdale, Florida, and Dallas, Texas. The Fort Lauderdale office, wherein the Plaintiff was employed, is located at 1001 W Cypress Creek Road, Suite 107, Fort Lauderdale, Florida 33309.

9. Defendant, JASON FOLTZ, is the owner, operator, managing member, officer, and/or is otherwise a management employee of TOTAL CAR SHIPPING & FREIGHT, L.L.C.

10. Defendants, at all times material, are "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

FACTUAL ALLEGATIONS

11. The Defendant, TOTAL CAR SHIPPING & FREIGHT, L.L.C. (hereinafter referred to as "TOTAL CAR SHIPPING"), is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

12. The Defendant, JASON FOLTZ, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

13. The Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

14. The Defendants, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

15. Furthermore, the Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the

State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. The Defendant, TOTAL CAR SHIPPING, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

17. The Defendant, JASON FOLTZ, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

18. Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

19. The Defendants control the day to day operations of TOTAL CAR SHIPPING and are actively involved in the day to day operations of same including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for products and services, and other business operations.

20. Defendants supervise the operations of TOTAL CAR SHIPPING including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

21. The Defendants hired Plaintiff in or about August 2016. The Plaintiff worked for the Defendants through October 2016.

22. At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, having the ability to terminate

the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

23. Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his duties for the Defendants.

24. While employed with the Defendants, the Plaintiffs' work duties included, but were not limited to, conducting and transacting business via interstate telephone calls to make contact with customer leads, schedule services, and provide transport quotes, and conducting or engaging in other sales and/or service activities.

25. The Plaintiff was a "non-exempt" employee of the Defendants.

26. The Plaintiff was an hourly employee.

27. The Plaintiff worked the number of hours required of him by the Defendants, but was not paid for each and every hour worked during a work week.

28. The Defendants improperly deducted time from the Plaintiff's hours worked for lunch breaks regardless of whether a break was taken by the Plaintiff.

29. The Defendants suffered and permitted the Plaintiff to work for them but did not pay him for all work that he performed for the Defendants.

30. The Plaintiff worked over forty (40) hours in a work week for the Defendants, but was not paid overtime compensation at the proper overtime rate by the Defendants for all those hours worked over forty (40) in a work week.

31. The Defendants are each and jointly involved with paying the Plaintiff.

32. The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

33. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage and/or overtime compensation, as required by the FLSA, were willful and not in good faith.

34. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

35. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

36. The Defendants hired Plaintiff in or about August 2016 to work for them at their office located at 1001 W Cypress Creek Road, Suite 107, Fort Lauderdale, Florida 33309.

37. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties required of him including, but not limited to, sales, scheduling, and service duties.

38. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

39. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA during at least one work week.

40. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

41. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

42. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

43. The Defendants' practice of failing to pay Plaintiff the appropriate minimum wage due him violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendants' unlawful practice, the Plaintiff has suffered unpaid wages.

44. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

45. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

46. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

F. Plaintiff demands a trial by jury.

COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA

47. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

48. The Defendants hired Plaintiff in or about August 2016 to work for them at their office located at 1001 W Cypress Creek Road, Suite 107, Fort Lauderdale, Florida 33309.

49. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties required of him including, but not limited to, sales, scheduling, and service duties.

50. On average, the Plaintiff worked between fifty-five (55) and sixty (60) hours in a work week for the Defendants.

51. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

52. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

53. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty (40) in a work-week.

54. The Defendants employed Plaintiff in excess of forty (40) hours in at least one work week without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

55. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times his regular rate of pay for all hours he worked in excess of 40 hours for each week he was employed by the Defendants and for which he was not paid one and one half times (1 ½) his regular rate.

56. Defendants knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

57. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

58. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

59. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

60. Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

61. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to

recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

F. Plaintiff demands a trial by jury.

COUNT III - RETALIATORY DISCHARGE

62. Plaintiff re-alleges and incorporates by reference Paragraphs one (1) through thirty-four (34) as if fully set forth herein.

63. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b) which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

64. This is an action to seek relief, both legal and equitable, pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b) as the Defendants have retaliated and/or discriminated against

the Plaintiff as a direct result of Plaintiff raising concerns in regard to unpaid minimum wages and/or overtime compensation due under the FLSA.

65. Pursuant to 29 U.S.C. 215(a)(3), it is unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…"

66. The Defendants terminated the Plaintiff in or about October 2016.

67. During his employment with the Defendants, the Plaintiff inquired with the Defendants, and/or with agents or representative(s) of the Defendants, as to the uncompensated hours he worked for the Defendants performing his work duties as required by the Defendants.

68. By initiating inquiries with the Defendants concerning the payment of wages earned for hours worked required under the FLSA, the Plaintiff was engaged in activity protected by the FLSA.

69. After initiating said inquiries, the Plaintiff suffered adverse action including, but not limited to, termination of his employment.

70. The Defendants have discriminated against, retaliated against, or has otherwise taken adverse action against the Plaintiff for initiating wage concerns pursuant to the FLSA with the Defendants, in violation of 29 U.S.C. § 215(a)(3).

71. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

72. Because of the Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

73. As a direct and proximate result of the Defendants' discrimination, retaliation, and/or discharge of the Plaintiff, the Plaintiff has suffered diminished earning capacity, loss of wages, loss of earning capacity and/or mental anguish, and pain and suffering.

74. These losses are continuing in nature.

75. As a result of the unlawful acts of Defendants, the Plaintiff seeks relief and pursuant to 29 U.S.C. § 216(b), and the Defendants shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215 (a)(3) of this title, including without limitation employment reinstatement, promotion, and the payment of wages lost, and an additional equal amount as liquidated damages.

**WHEREFORE**, the Plaintiff, BERTRAM KING, prays this Court to declare that the Defendants, TOTAL CAR SHIPPING & FREIGHT, L.L.C. and JASON FOLTZ, retaliated against the Plaintiff for actions protected under the FLSA concerning payment of wages earned but not paid; award all damages that flowed from this retaliation, to be proven at trial, award the Plaintiff the cost of this action and reasonable attorneys' fees; and grant such other and further relief as this Court.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 6th of December, 2016.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
TYLER L. GRAY, ESQ.
FL Bar No. 0059738
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*